```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

KEITH W.R. LOWE,

    Plaintiff,

v.                           Civil Action No. 2:22-cv-000434

SUPERINTENDENT DONALD AMES
and MAJOR RICHARD TONEY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff's Motion to Alter or Amend Judgment, or, in the Alternative, for Relief from Judgment, filed on July 26, 2024.  Pl.'s Mot., ECF 61.  Defendants oppose the motion by response filed on August 9, 2024.  Def.'s Resp., ECF 62.  Plaintiff filed a reply on August 16, 2024.  Pl.'s Reply, ECF 63.

The factual and procedural background of this action was set forth in the court's June 28, 2024 memorandum opinion and order, and is incorporated herein by reference.  Mem. Op. and Order, ECF  59.  In that order, the court granted defendants' motion to dismiss on the basis that plaintiff failed to state a claim upon which relief could be granted because he failed to allege any facts that occurred within the limitations period, while also finding that defendants were not entitled to

qualified immunity.  Id.  Regarding the statute of limitations, the court concluded that

> the complaint is devoid of any specific allegations of actions or continued violations that occurred within the two-year statute of limitations period.  The latest specific allegation in the complaint that plaintiff was on Pod 6 is that he "filed two additional grievances related to being placed on the COVID unit on September 14 and September 20, 2020."

Id. (quoting Second Amend. Compl., ECF 39).

Before plaintiff secured counsel, by affidavit attached to his pro se First Amended Complaint, plaintiff alleged that he filed a grievance against defendants on November 2, 2020, alleging that "Capt. Toney [was] still using behind the glass as quarantine and placing inmates who were sick with Covid behind the glass."  Pl.'s Aff., ECF 27-1 at ¶53.  This allegation, if proven, and if established that plaintiff was still confined at the time when he filed the grievance, would place plaintiff's alleged injury within the limitations period. Plaintiff's counsel acknowledges that they committed an error when they inadvertently omitted that factual allegation in the Second Amended Complaint.  See Pl.'s Mot., ECF 61.

Plaintiff asks the court to either 1) alter or amend the judgment under Federal Rule of Civil Procedure 59(e) because to do so would prevent a manifest injustice, or 2) grant relief from judgment under Rule 60(b)(1) due to the inadvertent mistake

of plaintiff's counsel during the proceedings.  See id at 4.  Defendants oppose the motion.  See Def.'s Resp., ECF 62.

Rule 59(e) provides no standard for when a district court may grant such a motion, and it has been construed to apply (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.  Hutchinson v. Staton, 994 F.2d 1076, 1091 (4th Cir. 1993).  Plaintiff seeks redress under the third prong and avers that relief under Rule 59(e) is warranted to prevent manifest injustice.  Pl.'s Mot., ECF 61 at 3.

Relief under Rule 59(e) is within the discretion of the district court.  See Pacific Ins. Co. v. American Nat. Fire Ins. Co., 148 F.3d 396, 404 (4th. Cir. 1998).  Plaintiff's counsel accepts full responsibility for the mistake or error that resulted in the judgment in favor of defendants based solely on plaintiff's failure to allege in the second amended complaint facts within the two-year statute of limitations period, which failure resulted from counsel's omission of a date previously alleged by plaintiff in his pro se first amended complaint.  Counsel emphasizes that plaintiff was blameless for the omission.  See Pl.'s Mot., ECF 61.  Inasmuch as counsel omitted the date that plaintiff himself originally alleged, the

court concludes, in the interest of justice, that plaintiff is entitled to relief under Rule 59(e).

Similarly, plaintiff is entitled to relief under Rule 60(b), which "allows a court to 'relieve a party . . . from a final judgment, order or proceeding' on a limited number of grounds."  Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 299 (4th Cir. 2017) (quoting Fed. R. Civ. P. 60(b)).  "To prevail, a party must first demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances."  Id. (citing Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993)).  Once a party has met this threshold, he must demonstrate that he satisfies one of the six categories listed in Rule 60(b).  Dowell, 993 F.2d at 48.

Regarding the first prong, "[a] motion under Rule 60(b) must be made within a reasonable time — . . . no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  Plaintiff's motion was timely because he filed his motion to alter or amend less than one month after entry of the court's order granting defendants' motion to dismiss.

The Fourth Circuit has explained that "[t]he underlying concern" of determining whether a claim is

4

meritorious is "whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 847 F.2d 808, 812 (4th Cir. 1988) (quoting 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2697 (2d ed. 1983)).  Inasmuch as the motion to dismiss was granted on statute of limitations grounds, and the motion to alter or amend alleges a fact that was included in plaintiff's First Amended Complaint which apparently places plaintiff's allegations within the limitations period, plaintiff has established a meritorious claim.

      Though a lack of unfair prejudice to the opposing party "is of lesser importance," Nat'l Credit Union Admin. Bd. V. Gray, 1 F.3d 262, 265 (4th Cir. 1993), "the court should in every case give some, though not controlling, consideration to the question whether the party in whose favor judgment has been entered will be unfairly prejudiced by the vacation of his judgment." Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979).  Defendants have neither argued nor demonstrated that they would be unfairly prejudiced by vacation of the court's order.  See Def.'s Resp., ECF 62.

      Finally, Rule 60(b)(1) provides relief to a party or legal representative from judgment based on mistake, surprise,

5

inadvertence, or excusable neglect.  See Fed. R. Civ. P. 60(b)(1).  "Justice . . . demands that a blameless party not be disadvantaged by the errors of neglect of his attorney which cause a final, involuntary termination of proceedings.  U.S. v. Moradi, 673 F.2d 725, 728 (4th Cir. 1982).  Inasmuch as plaintiff included the operative date in his pro se first amended complaint, and the subsequent omission of that date was an admitted oversight by plaintiff's newly appointed counsel that precluded plaintiff's claims from surviving defendants' motion to dismiss due only to the procedural barriers of the two-year statute of limitations, the court concludes that plaintiff is entitled to relief under Rule 60(b)(1) due to mistake and inadvertence.

Accordingly, Plaintiff's Motion to Alter or Amend Judgment, or, in the Alternative, for Relief from Judgment is GRANTED, and the Judgment entered herein on June 28, 2024, is hereby ORDERED set aside and vacated.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: November 5, 2024

John T. Copenhaver, Jr.
Senior United States District Judge