**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

KEITH W.R. LOWE,

Plaintiff,

v. CIVIL ACTION NO. 2:22-cv-00434

SUPERINTENDENT DONALD AMES, et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendants' Donald Ames and Richard Toney (collectively, "Defendants") Motions in Limine, (ECF Nos. 103, 104). Also pending before the Court is Plaintiff Keith W.R. Lowe's ("Plaintiff") Motion in Limine, (ECF No. 105.) For the reasons discussed herein, Defendants' motions, (ECF No. 103, 104), are **GRANTED** in part and **DENIED** in part, whereas Plaintiff's motion, (ECF No. 105), is **DENIED**.

***A. Defendants' Motions in Limine***

Defendants' first Motion in Limine, (ECF No. 103), seeks to exclude evidence that Plaintiff suffered a permanent injury or will sustain future damages. Plaintiff maintains that he does not allege that he will sustain future damages, nor does he seek damages for a permanent injury. (ECF No. 106.) As such, Defendants' motion, (ECF No. 103), is **DENIED** as **MOOT**.

Defendants' second Motion in Limine, (ECF No. 104), seeks to prevent Plaintiff from testifying, and his attorney's from arguing, that Plaintiff contracted COVID-19 or suffered from

long COVID. Plaintiff filed this civil action alleging he was subjected to cruel and unusual punishment and outrageous conduct while incarcerated at Mount Olive Correctional Complex ("Mount Olive"). (*See generally* ECF No. 68 at ¶ 2.)[1] Specifically, Plaintiff alleges that Defendants acted with "deliberate indifference to a substantial risk of serious harm to Plaintiff's health and safety" when they placed him in a quarantine housing unit (also referred to as "behind the glass") after attempting to escape Mount Olive. (*Id.* at ¶ 1.) Plaintiff alleges that his placement unnecessarily exposed him to COVID-19 and subjected him to a higher risk of contracting COVID-19. (*See id.* at 9.) As a result, Plaintiff alleges that he contracted COVID-19 and subsequently suffers symptoms of "long COVID" which can persist "weeks, months, or years after COVID-19 illness." (*Id.* at ¶¶ 32–50.)

Defendants argue that Plaintiff is not qualified to testify regarding any medical diagnosis and that Plaintiff has not produced any evidence that he tested positive for COVID-19 or has been diagnosed with long COVID. (ECF No. 104 at 1–2.) Specifically, Defendants argue that whether Plaintiff contracted COVID-19 or long COVID requires the specialized knowledge of an expert witness who is a medical doctor. (*Id.* at 2.)

The Federal Rules of Evidence with regard to lay witness testimony provides:

If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

(a) rationally based on the witness's perception;
(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

[1] The background and procedural history of this case is more fully stated in the Court's Memorandum Opinion and Order of November 19, 2025. (ECF No. 115.)

F.R.E., Rule 701.

The Federal Rules of Evidence with regard to scientific, technical, or other specialized knowledge provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

F.R.E., Rule 702.

Here, Plaintiff contends that he only seeks to provide testimony about his own experiences, including: his symptoms, physical condition, and the illness he experienced. (ECF No. 107 at 3.) Thus, he will be speaking under oath about his "personal knowledge," not giving a medical opinion. (*Id.*) As for the lack of medical documentation that Plaintiff contracted COVID-19, Plaintiff argues that is due to Defendants' denial of testing despite his requests. (*Id.*)

The Court agrees insofar as Plaintiff should be permitted to testify that he was sick, what his symptoms encompassed, and that he believed he had COVID-19 based on these experiences. Plaintiff's testimony is admissible if limited to his own personal experiences regarding his alleged COVID-19 symptoms, which adequately falls within the purview of Rule 701. *See Dillard v. Smith*, 558 F. Supp. 3d 308, 313 (W.D. Va., Sept. 7, 2021) ("Specifically, [Plaintiff] may testify as to the pain, headaches, and dental trauma that he claims to have experienced.")

However, Plaintiff is not permitted to testify about his alleged long-COVID condition. Testimony supporting Plaintiff's allegation that he suffers from "long COVID" which can persist

for "weeks, months, or years after COVID-19 illness," veers into a medical diagnosis of a chronic condition that requires specialized knowledge. Thus, without an expert opinion, Plaintiff cannot show that he has a chronic condition that was caused by his alleged COVID-19 infection. *See Torres v. City of Chicago*, 2015 WL 12843889, *8 (N.D. Ill. 2015) ("A lay witness 'cannot, however, offer medical opinions that require scientific, technical, or other specialized knowledge,' 'give any complex medical diagnoses or opine on any long term medical conditions.'") (citations omitted)).

Defendants also argue that Plaintiff's disclosed expert, Dr. Weber, should be prohibited from testifying to any alleged diagnosis that Plaintiff was positive for COVID-19 in September 2020 or that Plaintiff suffered or continues to suffer from long COVID. (ECF No. 104 at 3.) Plaintiff did not oppose Defendants' position. Consequently, Dr. Weber is prohibited from testifying to such information.

Therefore, Defendants' Motion is **DENIED** as it pertains to Plaintiff's ability to testify to his personal experiences and **GRANTED** in regard to Plaintiff's long COVID testimony and expert testimony regarding a specific diagnosis.

### *B. Plaintiff's Motions in Limine*

Plaintiff asserts six motions in limine within his singularly filed motion. (ECF No. 105.) The Court will address each in turn.

#### 1. Barring Evidence of Plaintiff's Arrests, Criminal Charges, and Disciplinary History

First, Plaintiff seeks to limit evidence regarding Plaintiff's criminal history solely to the fact that he is a convicted felon. (ECF No. 102 at 2.) Defendants maintain that they have no intention of introducing evidence of Plaintiff's prior arrests that did not result in a conviction or

misdemeanor convictions. (ECF No. 110 at 5.) Defendants further concede that Plaintiff's conviction for first degree murder is admissible only to the extent that such evidence is limited to the fact that Plaintiff is a convicted felon. (*Id.*) Accordingly, the parties agree that evidence of Plaintiff's criminal convictions must be limited to the fact that Plaintiff is a convicted felon.

Second, Plaintiff seeks to exclude evidence of his disciplinary history or other bad acts. (ECF No. 102 at 5.) Defendants have produced documents in this case indicating that Plaintiff was accused of violating prison rules and issued disciplinary tickets. (*Id.*) Defendants then questioned Plaintiff about the events underlying those tickets during his deposition. (ECF No. 88-7.) Plaintiff argues that this evidence, along with any other similar evidence demonstrating prior "bad-acts," should be barred. (*Id.*)

Federal Rule of Evidence 404(b) prohibits admitting evidence of another "crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, the Rule allows the admission of evidence of other acts when used for another purpose, such as "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "[T]o be admissible under Rule 404(b), evidence must be (1) relevant to an issue other than character; (2) necessary; and (3) reliable." *United States v. Siegel*, 536 F.3d 306, 317 (4th Cir. 2008), cert. denied, 555 U.S. 1087, 129 S.Ct. 770, 172 L.Ed.2d 760 (2008) (internal quotation marks omitted).

Here, Defendants argue that evidence of Plaintiff's prior disciplinary history, which includes past escape attempts, is admissible because it would not be presented to prove Plaintiff attempted to escape in conformity with prior bad acts or that Plaintiff acted in any way once placed

behind the glass in conformity with prior bad acts. (ECF No. 110 at 2–3.) Rather, Defendants maintain that any evidence of Plaintiff's disciplinary history would be offered for non-character purposes, such as demonstrating that it informed Defendants' decision to place Plaintiff behind the glass because it was "their only option." (*Id.*) Plaintiff concedes that his Eighth Amendment claim turns on whether Defendants were deliberately indifferent to a substantial risk of serious harm, and thus Defendants' motive, intent, and knowledge—are determinative in this matter. (*See* ECF 105 at 6.)

Accordingly, to the extent that Plaintiff's record of misconduct factored into Defendants' decision to place him in confinement behind the glass, the Court agrees with Defendants that the evidence is relevant for a purpose other than proving Plaintiff's bad character and his having acted in conformity therewith. *See Kopf v. Skyrm*, 993 F.2d 374, 380 (4th Cir. 1993) (Rule 404(b) is "an 'inclusionary rule,' which permits the introduction of all relevant acts except those that prove *only* character.") (citations omitted)). The evidence may be offered for the purpose of establishing Defendants' knowledge or state of mind, which is relevant to Plaintiff's Eighth Amendment claim and thus does not cross the line into impermissible character evidence. *See Thorne v. Wise*, 47 F. 3d 1165 (table), 1995 WL 56652, *3 (4th Cir. Feb. 3, 1995) (finding that evidence of a trooper's history of inflicting pain upon arrestees was admissible in an excessive force case because it was helpful in determining whether the plaintiff's injuries were in fact accidental rather than to prove character.)

Turning to the second prong of the Rule 404(b) analysis, the Court must determine whether the evidence should survive a Rule 403 balancing test. *See United States v. Stockton*, 788 F.2d 210, 219, fn 15 (4th Cir. 1986) ("Where a legitimate 'other purpose' is shown, the district court

must proceed to weigh the probative value and the potential prejudicial effect of the evidence under Rule 403.") In this regard, the Court recognizes the prejudicial effect that the presentation of Plaintiff's disciplinary record may have on a jury. Nonetheless, the evidence is highly probative of an element of Plaintiff's claim, as it rebuts his contention that Defendants acted unreasonably and with deliberate indifference. Furthermore, a jury instruction explaining the limited purpose for which the evidence is admissible will minimize any prejudicial effect of the evidence. Thus, because the probative value of the evidence of Plaintiff's prior prison misconduct is not substantially outweighed by its prejudicial effect, the proposed evidence is admissible for the limited purpose of establishing Defendants' state of mind at the time Plaintiff was placed behind the glass.

Plaintiff's Motion in Limine No. 1 is therefore **DENIED**.

**2. Barring Argument that Inference Should be Drawn Against Plaintiff because Third Parties are Absent at Trial**

Plaintiff requests that the Court bar any argument that the jury should draw a negative inference against Plaintiff based on the fact that some third-party witnesses, who may be referenced at trial or whose names may appear in documents, were not called as witnesses. (ECF No. 105 at 6–7.)

The "missing witness" jury instruction should be given if a witness is "'peculiarly within [the] power'" of one side to produce but is not called. *See United States v. Brooks*, 928 F.2d 1403, 1412 (4th Cir. 1991) (citation omitted). In such limited circumstances, the failure to produce the witness "creates the presumption that the testimony . . . would be unfavorable" to that party. *Id.*

Therefore, to the extent that Plaintiff has failed to produce witnesses under his control, and the witness was not equally available to either party, Defendants are permitted to argue reasonable

inferences. *See Dunlap v. G & C. Towing, Inc.*, 613 F.2d 493, 497 (4th Cir. 1980) (The instruction is inappropriate when the witness "was equally available to either party.")

Plaintiff's Motion in Limine No. 2 is therefore **DENIED**.

**3. Barring Reference or Appeal to Jurors' Interests as Taxpayers or Their Pecuniary Interests**

Plaintiff seeks to bar Defendants from suggesting to jurors or questioning any witness in any manner that suggests that the jurors should consider their pecuniary interests, or the effect of a verdict on them as taxpayers, in deciding the case. (ECF No. 105 at 7–8.) Defendants concede that they have no intention of arguing that taxpayer dollars would pay any judgment or appealing to the juror's pecuniary interests. (ECF No. 110 at 5.)

Plaintiff's Motion in Limine No. 3 is therefore **DENIED** as **MOOT**.

**4. Barring Arguments Against Defendants' Liability That Are Irrelevant or Are Likely to Mislead the Jury**

Plaintiff seeks to bar Defendants from asserting (1) that they acted reasonably or in response to security concerns, and (2) that they acted reasonably with regard to COVID protocols. (ECF No. 105 at 8.) This is a substantive argument that turns on elements of the Eighth Amendment claim, not an evidentiary argument. Accordingly, this argument is not appropriate for a motion in limine.

Plaintiff's Motion in Limine No. 4 is therefore **DENIED**.

**5. Barring Reference to Plaintiff and Witnesses by Any Title Other than Their Name**

Plaintiff seeks to prevent the use of the term "inmate" when referencing the Plaintiff or other potential witnesses. (ECF No. 105 at 11.) Defendants do not object to this but argue that they must be able to reference the fact that Plaintiff is an inmate for context and clarity. (ECF

No. 110 at 7.)

Accordingly, Plaintiff should be called by his name, and any reference to his inmate status should only be done for context and clarity. Plaintiff's Motion in Limine No. 5 is therefore **GRANTED**.

**6. Allowing Plaintiff's Appearance at Trial in Non-Prison Attire and Without Restraints**

Lastly, Plaintiff requests to appear for trial in non-prison attire. (ECF No. 105 at 13.) While there is ample caselaw that suggests a *criminal defendant* should be afforded the opportunity to wear street clothing in front of a jury, *see, e.g.*, *Estelle v. Williams*, 425 U.S. 501, 504 (1976), this caselaw does not extend to a *prisoner-plaintiff* in a civil case. Here, the jury will be "necessarily aware" that Plaintiff is a prisoner, regardless of his clothing, because Plaintiff's claims arise from his incarceration at Mount Olive, (ECF No. 68). *See Alexander v. Parks*, 834 Fed. App'x 778, 781 (4th Cir. 2020) (2000) (per curiam) ("[B]ecause his claim was that the Defendants, correctional officers, utilized excessive force against him, he cannot show prejudice from the jury seeing him in prison garb."). As such, the Court does not find that any undue prejudice will arise from Plaintiff wearing prison attire during the trial.

Plaintiff also requests that he be allowed to attend trial without restraints. (ECF No. 105 at 13–14.) "The trial court has discretion to order physical restraints on a party without depriving them of their right to a fair trial 'when the court has found those restraints to be necessary to maintain safety or security; but the court must impose no greater restraints than are necessary, and it must take steps to minimize the prejudice resulting from the presence of the restraints.'" *Lowe v. Williams*, No. 2:17-CV-03929, 2022 WL 6219462, at *4 (S.D.W. Va. Oct. 7, 2022) (citations omitted). "A trial judge must be given wide latitude in arriving at his decision to impose

restraints, and to base his decision on the information available to him at the time of trial." *Billups v. Garrison*, 718 F.2d 665, 669 (4th Cir. 1983).

Here, Plaintiff has an undisputed and extensive escape history while incarcerated. Accordingly, in evaluating the safety and security concerns presented by this trial, and in consideration of Plaintiff's criminal history and escape attempts, the Court finds that Plaintiff presents a substantial threat to the security of the courtroom and a substantial risk of attempting escape.

Plaintiff's Motion in Limine No. 6 is therefore **DENIED**. Nonetheless, the Court will reserve specific decisions about security for the trial until it is nearer at hand, and after consultation with the United States Marshals Service.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: 9/23/2026

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE